NO. 07-00-0497-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 6, 2001



______________________________




PRINCEWILL A. TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 839,680; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Princewill A. Tata has given notice of appeal from a conviction and
sentence in cause number 839,680 in the 337th District Court of Harris County, Texas (the
trial court). The trial court clerk's records were filed with the appellate court clerk on
October 24, 2000. The clerk of this court is in receipt of a letter from the trial court reporter
which advises that the reporter has not received a deposit toward transcription of the
reporter's record on appeal, nor any designation of record on appeal. No reporter's record
has been filed. 

 Pursuant to correspondence from the clerk of this court, counsel for appellant
advised that an affidavit of indigency was forwarded to appellant at his place of
incarceration, and that upon filing of the properly-executed affidavit, the trial court would
appoint counsel to represent appellant on appeal. Subsequent inquiry into the status of
the affidavit of indigency and appointment of counsel has not elicited a response from
appellant or his counsel. 

 Accordingly, this appeal is abated and the cause remanded to the trial court. Tex.
R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; (3) if appellant desires to prosecute the appeal, whether
appellant's present counsel should be replaced; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute, or, if appellant desires to
prosecute, to assure that the appeal will be diligently pursued. If the trial court determines
that the present attorney for appellant should be replaced, the court should cause the clerk
of this court to be furnished the name, address, and State Bar of Texas identification
number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the supplemental clerk's
record or the reporter's record. In the absence of a request for extension of time from the
trial court, the supplemental clerk's record, reporter's record of the hearing and
proceedings pursuant to this order, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received
by the clerk of this court not later than April 16, 2001. 

 

 Per Curiam

Do not publish.



-align: center">_________________________________

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY;

NO. 39551; HON. VINCENT J. MESSINA, PRESIDING
_______________________________

Memorandum Opinion
_______________________________
 
Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.


 
          William Duncan Ellison appeals his conviction, based upon a plea of no contest, for
the offense of driving while intoxicated. He complains of the trial court’s failure to sustain
his motion to suppress because the officer lacked probable cause or reasonable suspicion
to stop his vehicle. We affirm the judgment. 
          Law
          We review a ruling upon a motion to suppress by affording great deference to the
trial court’s interpretation of historical facts. Ford v. State, 158 S.W.3d 488, 493 (Tex.
Crim. App. 2005). This deference entails both the trial court’s authority to assess the
credibility of the witnesses and the authority to disbelieve or believe controverted
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, similar
deference is not afforded the trial court’s application or interpretation of the law. Ford v.
State, 158 S.W.3d at 493. We review that de novo. Id. 
          Application of Law
          Appellant challenges the trial court’s findings that the “weaving” of his vehicle was
a valid basis for a traffic stop and that he exceeded the speed limit. We reject the
challenge given the totality of the circumstances appearing in the record before us. 
          Contained in that record is the testimony of Lt. Steve Smith with the Hood County
Sheriff’s Office. He stated that 1) he had been a certified peace officer thirteen years, 2)
he has made many traffic stops, 3) he had training in DWI detection, 4) he had stopped
intoxicated drivers on many occasions, 5) he observed a white Ford pickup driven by
appellant cross the line dividing the two west bound lanes of Highway 377 as well as the
shoulder or fog line, 6) this weaving over the lines occurred several times during the period
in which he observed appellant, 7) based on his experience, crossing the center and fog
lines indicated that the driver was possibly intoxicated, 8) no obstacles were in the road to
explain the weaving, 9) appellant appeared to be speeding at times, as determined by the
officer pacing the truck, and 10) appellant was endangering at least himself. Furthermore,
this occurred at around 3:48 a.m., and though traffic was not heavy, there were other
vehicles on the road. 
          Circumstances similar to those we listed above have been held by the Court of
Criminal Appeals to justify not only a “‘rational inference’” that the vehicle’s driver was
intoxicated but also a stop. See Curtis v. State, 238 S.W.3d 376, 380-81 (Tex. Crim. App.
2007) (holding that there was reasonable suspicion to stop a vehicle for suspicion of driving
while intoxicated when the vehicle was observed weaving in and out of lanes over a short
distance at 1:00 a.m., the officer had received specialized training in signs of driving while
intoxicated, and part of his training was that weaving was a possible indication of
intoxication). Moreover, the opinions cited by appellant to the contrary were not issued by
the Court of Criminal Appeals. Thus, we must follow the decision of our State’s highest
criminal court and affirm the trial court’s judgment. 
 
                                                                           Per Curiam

Do not publish.